**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| _____ | ) | |
| ANN BURTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 11-cv-1416 |
| AMERICAN FEDERATION OF | ) | |
| GOVERNMENT EMPLOYEES, et al. | ) | |
| Defendants. | ) | |
| _____ | ) | |

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

ARGUMENT ...................................................................................................................3

    A. The Court Must Dismiss with Prejudice Plaintiff's Claim Against Defendants
       Alleging Unfair Labor Practices as the Court does not have Subject Matter
       Jurisdiction to Review Said Claim..........................................................................3

    B. The Court Must Dismiss Plaintiff's Claim Against Defendants Alleging
       Discrimination and Hostile Work Environment with Prejudice Since
       Defendants are not a Proper Defendant, the Plaintiff Failed to Administratively
       Exhaust, and the Claim is Now Time Barred ........................................................6

        1. Plaintiff's Discrimination and Hostile Work Environment Claims are
           Untimely ....................................................................................................7
        2. Plaintiff Failed to Exhaust Administratively and Therefore Cannot
           Maintain This Civil Action .......................................................................8
        3. The Court Lacks Subject Matter Jurisdiction Because Defendants are Not a
           Proper Defendant ......................................................................................9

    C. The Court must Dismiss Plaintiff's Claims with Prejudice Alleging U.S.
       Constitutional Violations as Defendants are not Government Actors ..................10

    D. The Court must Dismiss Plaintiff's Tort Claims with Prejudice
       For Failure to State a Claim ................................................................................11

        1.      Damage to Reputation ...........................................................................12

2.      Damage to Job Opportunities..................................................................14
3.      Damage to Value of College Degree .......................................................15

CONCLUSION...............................................................................................................15

CERTIFICATE OF SERVICE

{00292641.DOC - }

## TABLE OF AUTHORITIES

## CASES

*Atkinson v. Sinclair Refining Co.*, 370 U.S. 238 (1962) .......................................................1

*Banks v. Alexander*, 294 F. App'x 221 (6th Cir. 2008) .......................................................1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .........................................................3

*Bergeron v. Henderson*, 185 F.R.D. 10 (D. Me. 1999) .......................................................9

*Blum v. Yaretsky*, 457 U.S. 991 (1982) ...............................................................................11

*Bush v. Lucas*, 462 U.S. 367 (1983) ...............................................................................4, 5

*Bridge Street Enterprises v. Pastino's Italian Grill, Inc.*, 43 A.D. 3d 1306,
  842 N.Y.S.2d 810,   (4th Dep't 2007)...............................................................................14

*Cady v. Arenac County*, 574 F.3d 334 (6th Cir. 2009) .......................................................9

*Chavero v. Local 241, Division of Amalgamated Transit Union*, 787 F.2d. 1154
 (7th Cir. 1986)......................................................................................................................9

*Dean v. AFGE Local 476*, 402 F. Supp. 2d 107 (D.D.C. 2005) .......................................9

*Dezaio v. Port Authority of NY and NJ*, 205 F.3d 62 (2d Cir. 2000).................................7

*Driscoll v. International Union of Operating Engineers, Local No. 139*,
  339 F. Supp. 757 (E.D. Wis. 1972)...................................................................................11

*Hall v. New York State Department of Environmental Conservation*, 726 F. Supp. 386
  (N.D.N.Y. 1989) ..................................................................................................................8

*Harris v. Mills,* 572 F.3d 66 (2d Cir. 2009)........................................................................3

*Hladki v. Jeffrey's Consolidated, Ltd.*, 652 F.Supp. 388 (E.D.N.Y. 1987) ........................8

*Hovan v. United Broth of Carpenters and Joiners of America*,
  704 F.2d 641 (1st Cir,  1983)..............................................................................................11

*Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974) ...............................................11

*Jennings v. APWU*, 672 F.2d 712 (8th Cir. 1982) .............................................................10

{00292641.DOC - }

*Jones v. American Postal Workers Union*, 192 F.3d 417 (4th Cir. 1999) ..........................9

*Karaholios v. National Federation of Federal Employees, Local 1263*,
   489 U.S. 527 (1989)......................................................................................3, 5

*Luttrell v. Runyon*, 3 F. Supp. 2d 1181 (D. Kan. 1998)......................................................9

*Matter of Entertainment Partners Group v. Davis*, 198 A.D.2d 63,
   603 N.Y.S. 2d 439( 1st Dep't 1993) ............................................................14

*Newbold v. United States Postal Service*, 614 F.2d 46 (5th Cir. 1980) (per curiam),
   *cert. denied*, 449 U.S. 878 (1980)..................................................................9

*Pandian v. New York Health and Hospitals Corp.*, 54 A.D.3d 590,
   863 N.Y.S. 2d 668 ( 1st Dep't 2008) ............................................................14

*Renfro v. Office and Professional Employers International Union*, 545 F.2d 509
   (5th Cir. 1977)................................................................................................9

*Rizzitelli v. Federal Labor Relations Authority*, 212 F.3d 710 (2d Cir. 2000) ...................4

*Rosenberg v.MetLife, Inc.*, 8 N.Y.3d 359 (2007)................................................................13

*Sheehan v. Purolator Courier Corp.*, 676 F.2d 877 (2d Cir. 1982)....................................8

*State v. General Elec. Co.*, 199 A.D.2d 595, 604 N.Y.S. 2d 355 ( 3d Dep't1993) ...........12

*Stylewise Hosiery Sales, Inc. v. Wesley Simpson Factors, Inc.*,
   13 Misc.2d 961, 155 N.Y.S.2d 208 (1956)..................................................12

*Toker v. Pollak*, 44 N.Y.2d 211 (1978)..............................................................................13

*Under 21 v. City of New York*, 65 N.Y.2d 344 (1985)........................................................11

*United States v. Fausto*, 484 U.S. 439 (1988) ..............................................................3, 5

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) ...................................................7

## STATUTES AND REGULATIONS:

F.R.C.P. 12(b)(1) .................................................................................................................2

F.R.C.P. 12(b)(2) .................................................................................................................2

F.R.C.P. 12(b)(6) ...................................................................................................2, 7

5 U.S.C. §1213 ............................................................................................................6

5 U.S.C. §2302 ............................................................................................................6

5 U.S.C. §7105(a)(2)(G) ............................................................................................4

5 U.S.C. §7116(b)(1) ..................................................................................................5

5 U.S.C. §7116(b)(2) ..................................................................................................4

5 U.S.C. §7116(b)(3) ..................................................................................................4

5 U.S.C. §7123 ............................................................................................................4

5 U.S.C. §7123(a) .......................................................................................................4

42 U.S.C. §2000e-5(e) ................................................................................................7

42 U.S.C. §2000e-5(f)(1) ...........................................................................................8

42 U.S.C. §2000e-16(c) ..........................................................................................2, 9

42 U.S.C. 2000e(b) ...................................................................................................10

42 U.S.C. 2000e(d)-(e)............................................................................................10

42 U.S.C. §2000e(e)..................................................................................................10

29 C.F.R. §1614 ........................................................................................................13

Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall
Act"), 28 U.S.C. § 2679 ............................................................................................2

Federal Service Labor-Management Relations Statute (FSLMRS)
5 U.S.C. §7116(b)(8) .......................................................................................1, 4, 5

## <u>OTHER AUTHORITIES</u>

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1360,
at 78 (3d ed. 2004) .....................................................................................................7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

_____

ANN BURTON,                                    )
            Plaintiff,                        )
                                       )
            v.                                      )        Civil Action No.
                                       )        11-cv-1416
AMERICAN FEDERATION OF           )
GOVERNMENT EMPLOYEES, et al.     )
            Defendants.                      )
_____)

**<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS</u>**

    American Federation of Government Employees, AFL-CIO ("AFGE"), John Gage,[1]

National President of AFGE, Derrick Thomas, National Vice President of AFGE District

2, and Ena Thompson-Judd,[2] Local President of AFGE Local 1988, hereby submit this

---

[1] Defendants understand the instant complaint to be against John Gage in his professional capacity as the National President of the AFGE, AFL-CIO, and against Derrick Thomas in his professional capacity as the National Vice President of District 2, AFGE, AFL-CIO.  To the extent that Plaintiff's complaint may be read as asserting claims against Mr. Gage and Mr. Thomas individually, those claims must be dismissed because the Federal Service Labor-Management Relations Statute ("FSLMRS"), 5 U.S.C. § 7116(b) (8) precludes individual liability for any claims related to alleged union duties or obligations and limits liability exclusively to the labor organization.  *See also Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962); and *Banks v. Alexander*, 294 Fed.Appx. 221 (6th Cir. 2008) (unpublished).

[2] Defendants understand the instant complaint to be against Ena Thompson-Judd in her professional capacity as the Local President of Local 1988, AFGE, AFL-CIO.  To the extent that Plaintiff's complaint may be read as asserting claims against Ms. Thompson-Judd individually, those claims must be dismissed because the FSLMRS, 5 U.S.C. § 7116(b) (8) precludes individual liability for any claims related to alleged union duties or obligations and limits liability exclusively to the labor organization.  *See also Atkinson v. Sinclair Refining Co.*, *supra,* at 249; and *Banks v. Alexander*, *supra*.  To the extent that Plaintiff's complaint may be read as asserting claims against Ms. Thompson-Judd in her

brief in support of this motion to dismiss all of the causes of action in the complaint against the Defendants pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction, F.R.C.P. 12(b)(2) for lack of personal jurisdiction, and F.R.C.P. 12(b)(6) for failure to state a claim.

This case stems from the alleged misdeeds of officers from AFGE Local 1988 at the St. Albans Community Living Center ("SACLC"), Department of Veterans Affairs ("DVA"), in New York, who, purportedly: (1) committed unfair labor practices, (2) discriminated against the Plaintiff, (3) violated Plaintiff's Constitutional rights, and (4) damaged her reputation, job opportunities, and value of college degree.  Plaintiff's causes of action alleging unfair labor practices and discrimination must be dismissed because , Plaintiff failed to exhaust administratively.  Even had Plaintiff properly exhausted, the Court does not have subject matter jurisdiction over the discrimination claims for Defendants are not a proper defendant for said claim. Defendants also explain here that Plaintiff has failed to state a claim of Constitution violations.  Similarly, Plaintiff has failed to state a claim against AFGE, John Gage, and Derrick Thomas as no facts pleaded relate to them or their offices.  Defendants assert that Plaintiff has failed to state a claim against Ena Thompson-Judd because her speech, assuming Plaintiff's allegations are true, was protected speech.  Lastly, Defendants assert that Plaintiff's tort claims are barred by the various statutes of limitations at issue and therefore untimely filed.  Therefore, this

---

capacity as DVA employee, the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act"), 28 U.S.C. § 2679, provides for the substitution of the United States as a defendant in any action where one of its employees is sued for damages as a result of an alleged common law tort committed by the employee within the scope of his or her employment. Similarly, Title VII of the Civil Rights Act provides that the Secretary, i.e. the head of the agency, must be named as defendant in any action where one of its employees is sued for damages as a result of an alleged discriminatory action. 42 U.S.C. § 2000e-16(c).

2

Court should dismiss the instant case for want of jurisdiction and failure to state a claim.

## ARGUMENT

Although *pro se* pleadings are to be treated more liberally, the burden remains on a plaintiff to show that federal court's limited federal jurisdiction has been properly invoked and to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Harris v. Mills,* 572 F.3d 66, 71-72 (2nd Cir. 2009)(While the court is obligated to construe the *pro se* complaint liberally, said complaint must nevertheless contain sufficient factual allegations to meet the plausibility standard). As applied herein, the Plaintiff has failed to show that jurisdiction is properly invoked, has failed to plead any fact specific to three of the four defendants, and has failed to state a claim. For these reasons and those set forth below, the Court should dismiss the entire complaint.

### A. The Court must dismiss with prejudice Plaintiff's claim against Defendants alleging unfair labor practices as the Court does not have subject matter jurisdiction to review said claim.

The Court must dismiss the allegation of unfair labor charges against Defendants as jurisdiction in this Court to adjudicate the said allegations is precluded by the Civil Service Reform Act, Pub.L. 95-454, 92 Stat. 1111 *et seq.* (codified, as amended, in various sections of Title 5) ("CSRA"). The CSRA contains an "integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *United States v. Fausto,* 484 U.S. 439, 445 (1988). *See also Karaholios v. National Federation of Federal Employees, Local 1263,* 489 U.S. 527 (1989); and

3

*Bush v. Lucas,* 462 U.S. 367, 388 (1983)(the CSRA is "an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations."). The CSRA confers jurisdiction to the Federal Labor Relations Authority ("Authority") to regulate the representational activities of a federal sector union. 5 U.S.C. § 7105(a)(2)(G). The Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7123, which is part of the CSRA, vests the decision whether to issue an unfair labor practices complaint to the Authority's General Counsel. 5 U.S.C. § 7123(a). As part of its integrated scheme, the CSRA also confers jurisdiction to the federal judiciary in three narrow instances inapplicable to the instant case. *See* 5 U.S.C. § 7123. As a result of this integrated scheme, the Authority and ultimately the courts of appeals have exclusive jurisdiction over unfair labor practices claims when properly filed against a union. *Id.*

   As applied to the instant case, throughout the complaint, the Plaintiff alleges that the Defendants engaged in unfair labor practices (ULP) without naming them as such. For example, the Plaintiff alleges that Defendants "condoned" (Complaint at 3) or "initiated" (Complaint at 6) adverse and disciplinary actions against the Plaintiff by the Plaintiff's employer. Such behavior, if true, would be an ULP pursuant to 5 U.S.C. § 7116(b)(2) and/or (3). In her recitation of facts, Plaintiff alleged that the Defendants failed to represent her. Complaint at 4. Such behavior, if true, would be an ULP pursuant to 5 U.S.C. § 7116(b)(8). *See also Rizzitelli v. Federal Labor Relations Authority,* 212 F.3d 710 (2nd Cir. 2000)(Employee's charge that the union breached its duty of fair representation was an ULP vesting power to issue an ULP complaint exclusively in the Authority's General Counsel). Plaintiff further alleges that Defendants violated her 1st

Amendment rights. Complaint at 5.  Although Plaintiff does not elucidate how her Constitutional rights were violated, in context it appears that Plaintiff is alleging that the Defendants retaliated against her after she complained to them via letter that they failed to represent her.  Id., *see also* Complaint at Exhibit 1.  Although the Plaintiff labels this a constitutional violation, it too is an allegation of unfair labor practice. 5 U.S.C. § 7116(b)(1) and/or (8).  Lastly, Plaintiff pleads breach of contract claims.  Complaint at 4 ("AFGE 1988 Contract"), 5, 7, & 8.  However, as Plaintiff's allegations refer to the AFGE contract with her employer -- and Plaintiff has not pled a contract specifically between her and the Defendants -- any violation thereof would also be an ULP.

Notwithstanding the numerous ULP allegations set forth in the complaint, Plaintiff does not plead that she filed an ULP charge against any Defendant with the Authority. Similarly, in her May 11, 2011, objection to Defendants' letter requesting a pre-motion conference, Plaintiff does not allege that she filed an ULP charge against any Defendant with the Authority.  Rather, Plaintiff states that she corresponded with the Defendants. Plaintiff's failure to properly file with the Authority is a failure of administrative exhaustion.

ULPs are adjudicated originally by the Authority and there is no direct court jurisdiction over matters which constitute unfair labor practices.  *Karaholios*, 489 U.S. at 532.  In the instant case, Plaintiff does not assert that she filed an ULP charge with the Authority.  Moreover, even if Plaintiff had filed an unfair labor complaint with the Authority, it is of no consequence because the CSRA scheme vests exclusive jurisdiction in the General Counsel of the Authority with review before the Court of Appeals, not in this Court.  *Karaholios*, 489 U.S. at 530.   As a result, it is clear from the consistent

holdings of the Supreme Court in *Bush, Fausto*, and *Karaholios*, that Plaintiff's cause of

action in this Court is pre-empted by the CSRA.  As a result, Plaintiff's ULP allegations

against all Defendants must be dismissed for lack of subject matter jurisdiction.

**B.  The Court must dismiss Plaintiff's claim against Defendants alleging discrimination and hostile work environment with prejudice since Defendants are not a proper defendant, the Plaintiff failed to administratively exhaust, and the claim is now time barred.**

Plaintiff claims that the Defendants discriminated against her on the basis of race

(Black), color (brown), age (57 years), national origin (American), and retaliation[3] in

violation of Title VII of the Civil Rights Act of 1964.  Complaint at 3.  Similarly,

Plaintiff claims that the Defendant AFGE caused a hostile work environment, presumably

also in violation of Title VII of the Civil Rights Act of 1964.[4]  Complaint at 3, 5, and 6

---

[3] Plaintiff technically writes that "Defendant's [sic] discriminated against plaintiff on the basis of plaintiff's race, color, national origin *and whistleblowing*…." Complaint at 3 (emphasis added). Defendants presume that Plaintiff is actually alleging "retaliation" for protected equal employment opportunity activity and not making a claim pursuant to the Whistleblower Protection Act of 1989 ("WPA").  However, if the Court finds that the Plaintiff is making a whistleblower claim pursuant to the WPA, the WPA prohibits most federal agency employers from retaliating or threatening to retaliate against a federal employee who disclose evidence of an agency in violation of a law, rule or regulation, gross mismanagement, gross waste of funds, an abuse of management authority; or a substantial and specific danger to public health or safety.  5 U.S.C. §§1213 and 2302.  By its very language, the proper defendant in an allegation of whistleblower retaliation can only be a federal employer.  Defendants are not a federal government agency.  Rather, Defendants are a labor organization and officers of said labor organization.  As such, Defendants are not a proper defendant and the Court must dismiss any whistleblower claim for lack of subject matter jurisdiction.

[4] "Hostile Work Environment" is a term of art in unlawful harassment claims made pursuant to Title VII of the Civil Rights Act.  Although Plaintiff does not allege that the Hostile Work Environment claim is pursuant to Title VII, and Plaintiff does not allege the

("harass").  Defendants request this Court to dismiss Plaintiff's discrimination and harassment claims for lack of subject matter jurisdiction and failure to state a claim. Defendants explain below that (1) Plaintiff has failed to properly state a claim as her discrimination and harassment claims are now barred by New York statute of limitations; (2) this Court does not have jurisdiction for Plaintiff failed to plead that she exhausted administratively against the Defendants, and (3) that,  while Title VII does have a jurisdictional provision, it is inapplicable to the Defendants in the instant case.

### 1. Plaintiff's discrimination and hostile work environment claims are untimely.

Under the federal rules, a federal court may entertain a statute of limitations argument in a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360, at 78 (3d ed.2004) (noting that federal courts have "permit [ted] affirmative defenses, such as. .. statute of limitations, to be raised by a motion to dismiss for failure to state a claim under Rule 12(b)(6)").  The Supreme Court has previously determined that the Title VII administrative charge period is functionally equivalent to a statute of limitations. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393-95 (1982). To maintain a Title VII action in New York a complainant must first file a charge of discrimination with the New York State Division of Human Rights or Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged unlawful employment practice, 42 U.S.C. §2000e-5(e); *see e.g. .  Dezaio v. Port Authority of NY and NJ*, 205 F.3d 62 (2nd Cir. 2000).

---

protected bases upon which she was harassed, Defendants are presuming that Plaintiff is alleging unlawful harassment pursuant to Title VII.  Alternatively, if this Court finds that Plaintiff's hostile work environment claim is not based on Title VII, Plaintiff's claim fails as it does not state a claim.

As applied herein, Plaintiff is alleging that the Defendants discriminated against her on the basis of her race, national origin, age, color, retaliation and hostile work environment while she was employed by the SACLC, i.e., from March 2004-March 2010.  Complaint at 5.  Plaintiff has not alleged that she filed any charge of discrimination administratively against Defendants during her employment or after her termination.  Rather, Plaintiff pleads that she filed a charge against the Department of Veterans Affairs.  Complaint at 6 (EEOC No. 520-2010-00383x) and 7 ("[plaintiff] had no other recourse than to initiate EEO and EEOC proceedings…*as a federal employee* and thereafter as a citizen")(emphasis added).  Plaintiff filed the instant complaint on or about March 21, 2011, more than 300 days from the date of her employment with the SACLC.  Therefore, this allegation of discrimination and hostile work environment is untimely and thus barred.   The Court should dismiss these claims with prejudice.

2.   **Plaintiff failed to exhaust administratively and therefore cannot maintain this civil action.**

The Court must dismiss this case for the Plaintiff's failure to administratively exhaust against the Defendants.  To maintain a Title VII action a complainant must first file a charge of discrimination and receive the statutory notice of right to sue, 42 U.S.C. §2000e-5(f)(1).   *Hall v. New York State Department of Environmental Conservation,* 726 F. Supp. 386, 387-8 (N.D.N.Y. 1989) (citing *Sheehan v. Purolator Courier Corp.,* 676 F.2d 877 (2nd Cir. 1982);  *Hladki v. Jeffrey's Consolidated, Ltd.,* 652 F. Supp 388, 392-3 (E.D.N.Y. 1987)(right to sue letter is a statutory condition precedent to suit).  In the instant matter, as discussed above, Plaintiff does not allege that she filed any charge

8

of discrimination with any state agency or the U.S. Equal Opportunity Commission against the Defendants.  Similarly, Plaintiff neither pleads nor attaches to her complaint any Notice of Right to Sue any of the Defendants. Therefore, this Court should dismiss Plaintiff's discrimination and hostile work environment allegations for her failure to administratively exhaust.

### 3.   The Court lacks subject matter jurisdiction because Defendants are not a proper defendant.

Federal jurisdiction can neither be waived nor assumed.  *Cady v. Arenac County,* 574 F.3d 334, 345 (6th Cir. 2009).  In general, Title VII of the Civil Rights Act of 1964 prohibits a labor organization from discrimination against (1) an employee of the labor organization, *see e.g. Dean v. AFGE Local 476*, 402 F.Supp.2d 107 (D.D.C. 2005), and *Chavero v. Local 241, Division of Amalgamated Transit Union,* 787 F.2d 1154, 1155 n. 1 (7th Cir.1986); (2) a member against a statutory employer, *see e.g. Renfro v. Office and Professional Employees International Union,* 545 F.2d 509 (5th Cir. 1977), *Newbold v. United States Postal Service*, 614 F.2d 46 (5th Cir. 1980) (per curiam), cert. denied, 449 U.S. 878, 101 S.Ct. 225 (1980)(union representing federal employees could not be sued under § 717(c) of Title VII, 42 U.S.C. §2000e-16(c) which provides for suit against a federal department or agency), *Bergeron v. Henderson*, 185 F.R.D. 10 (D.ME 1999)(Union representing employees of USPS was not a "labor organization" representing employees against a statutory employer."), and *Luttrell v. Runyon,* 3 F.Supp.2d 1181, 1191 (D.Kan. 1998)(The statutory definition of "labor organization" excluded labor organizations that represent federal employees against federal employers.), *but see Jones v. American Postal Workers Union*, 192 F.3d 417 (4th Cir.

9

1999), and *Jennings v. APWU*, 672 F.2d 712 (8th Cir. 1982); and (3) when the labor

organization engages in industry affecting commerce, 42 U.S.C. 2000e(d)-(e).

As applied herein, Plaintiff does not allege that the AFGE was her employer. Instead,

Plaintiff alleges that the DVA was her employer.  Complaint at 4 ("Plaintiff, a LPN and

RN employee in the bargaining unit at Department of Veterans Affairs").   Since the

federal government is expressly excluded from the statutory definition of an employer as

defined by 42 U.S.C. §2000e(b), the employer at issue is not a statutory employer.  As a

result, the AFGE and its officers – as representative of federal government employees –

do not represent employees against a statutory employer. Therefore, AFGE and its

officers are not proper defendants as a labor organization representing members against a

statutory employer.  Lastly, AFGE and its officers do not operate a hiring hall or hiring

offices since hiring in federal employment is performed solely by the federal government.

Similarly, Plaintiff does not allege that AFGE engages in commerce pursuant to any other

prong of 42 U.S.C. §2000e(e).  Therefore, AFGE and its officers do not engage in an

industry affecting commerce within the meaning of 42 U.S.C. §2000e(e).  As none of the

Defendants are a proper defendant, accordingly, this Court does not have jurisdiction to

adjudicate this case.


**C.  The Court must dismiss Plaintiff's claims with prejudice alleging U.S.**
**Constitutional violations as Defendants are not government actors.**

The Plaintiff has alleged that the Defendants, a union and three officers of the union,

have violated her constitutional right of free speech, right of due process, and right to be

free from retaliation for the exercise of unspecified constitutional rights.  Complaint at 3-

4, 5, 7 and 8.  However, Defendants actions – whatever they may have been -- are neither

"state," "federal," nor "governmental action."[5]   The Court must look for the presence of governmental action because the federal Constitution forbids the federal government from taking certain actions ("Congress shall make no law ...") and through the Fourteenth Amendment forbids state governments from taking similar actions ("No *state* shall ..."). *Under 21 v. City of New York*, 65 N.Y.2d 344, 482 N.E.2d 1 (1985); *see also, Hovan v. United Broth. of Carpenters and Joiners of America*, 704 F.2d 641 ( 1st Cir. 1983); *Driscoll v. International Union of Operating Engineers**, Local No. 139,* 339 F.Supp. 757 (1972).

A private entity's action may be considered governmental when it is "clothed with governmental authority."  *Driscoll* at 760.  However, the mere fact that a union contracts with the government and/or is regulated by the government is not, in and of itself, sufficient to find the union a government actor.  See *Blum v. Yaretsky, 457 U.S. 991 (1982);* and *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345 (1974).  Plaintiff has not pled any facts that support a finding that any of the Defendants were government actors. Therefore, the constitution's strictures do not apply in the instant case and the Court must dismiss these allegations with prejudice as there is no possible cure in an amended complaint.


### D.  The Court must dismiss Plaintiff's tort claims with prejudice for failure to state a claim.

The Plaintiff has claimed the torts of damage to reputation, job opportunities, and value of college degree.  Complaint at 7.  Decades before the recent U.S. Supreme Court

---

[5] As discussed in footnotes 1 and 2, *supra,* the Defendants are not government actors notwithstanding Plaintiff's assertion on the summons that she was serving the "USA" when she sought to serve the Defendants.  *See* ECF numbers 5, 6, 12, and 13.

{00292641.DOC - }

rulings heightening pleading standard, the courts in New York recognized a strict pleading standard vis-à-vis torts: "Unless the complaint states a cause for *prima facie* tort, it states no cause at all."   *Stylewise Hosiery Sales, Inc. v. Wesley Simpson Factors, Inc.,* 13 Misc.2d 961, 155 N.Y.S.2d 208 (1956).  The court continued to state that:

> Consequently, damage must be pleaded specially, and it must consist of injury due to loss in plaintiffs' occupation or business. Apart from general and conclusory allegations of damage to reputation and credit which might flow from many wrongs constituting traditional torts, the pleading is devoid of any statement of other or special damage. A charge of damage to reputation and credit cannot stand alone and without the statement of a cause of action to support the recovery of damage, whether general or special.

As applied herein, Plaintiff has failed to state a claim sounding in tort as she has merely pled conclusory allegations of tort damage and the pleadings are devoid of any statement of other or special damage.

1. Damage to Reputation

New York does not recognize the independent tort action of "damage to reputation." Rather, such damage is compensated through the tort of defamation, libel, slander or malicious prosecution. *State v. General Elec. Co.*, 199 A.D.2d 595, 604 N.Y.S. 2d 355 ( 3d Dep't 1993).  When there is an allegation of false statements, a claim for damages to reputation may be grounded in defamation.  *Id.* at 597.  As applied herein, Plaintiff has not alleged any fact vis-à-vis Defendants AFGE, Mr. Gage, or Mr. Thomas, other than Exhibit 1, a letter dated February 24, 2009, to Mr. Thomas and carbon copied to Mr. Gage.  Therefore, Plaintiff has not alleged a *prima facie* tort against Defendants AFGE,

Mr. Gage, and Mr. Thomas.  With respect to Defendant Thompson-Judd, Plaintiff has alleged that Ms. Thompson-Judd made a statement as part of an equal employment opportunity complaint, specifically, that "plaintiff be '...moved from campus to campus….'"  Complaint at 6.  Assuming that Plaintiff's allegation is accurate for the purposes of said motion to dismiss, Plaintiff still fails to set forth a *prima facie* tort against Defendant Thompson-Judd because this statement is not defamatory, libelous, slanderous or negative in and of itself in any way.

Furthermore, Defendant Thompson-Judd's testimony as part of an equal employment opportunity administrative complaint brought by the Plaintiff against the DVA is privileged speech.  In New York, it is well established that certain communications, even if otherwise defamatory, "cannot serve as the basis for the imposition of liability in a defamation action. When compelling public policy requires that the speaker be immune from suit, the law affords an absolute privilege, while statements fostering a lesser public interest are only qualifiedly privileged"  *Rosenberg v. MetLife, Inc.,* 8 N.Y. 3d 359, 365 (2007)(internal quotation marks and citations omitted). New York provides absolute immunity to communications made before administrative bodies which: (1) provide for active participation by both parties; (2) are empowered to take remedial action based upon its findings; and (3) make determinations that are ultimately reviewable by a court. *Toker v. Pollak,* 44 N.Y.2d 211, 222 (1978).  As applied herein, Plaintiff has pled that she initiated an administrative complaint against her employer as evidenced by the "EEOC No."  Complaint at 6.  At some point of this complaint process, although unspecified, Defendant Thompson-Judd allegedly provided testimony. *Id.*   The equal employment complaint process as set forth in 29 CFR 1614 does provide for active participation by

both parties, empower the Equal Employment Opportunity Commission to take remedial action based upon its findings, and provides for judicial review. Therefore, there can be no doubt that absolute immunity to the communications therein applies. Thus, the Court should dismiss Plaintiff's tort action of damage to reputation.

Lastly, Defendants preserve their right to argue that this claim is untimely. Defamation predicated on reputational harm is subject to a one year statute of limitations. *Bridge Street Enterprises v. Pastino's Italian Grill, Inc.*, 43 A.D. 3d 1306, 1308, 842 N.Y.S.2d 810, 811 ( 4th Dep't 2007).   As applied herein, Plaintiff has not pled sufficient facts for an evaluation of whether she has met the statute of limitations. Plaintiff has not alleged the date(s) in which the alleged tortious actions occurred. Plaintiff remained employed at the SACLC from March 2004-March 2010. Complaint at 5. Plaintiff filed the instant complaint on or about March 21, 2011. To the extent that any alleged tortious activity occurred before March 21, 2010, this claim is untimely and should be dismissed.


2.   Damage to Job Opportunities


New York recognizes the tort claim for interference with prospective economic advantage. However, a claim must plead a motive of malice or the infliction of injury by unlawful means other than self-interest or other economic considerations. *See Pandian v. New York Health and Hospitals Corp.*, 54 A.D.3d 590, 863 N.Y.S. 2d 668 (1st Dep't 2008) ; and *Matter of Entertainment Partners Group v. Davis,* 198 A.D.2d 63, 64, 603 N.Y.S. 2d 439 (1st Dep't 1993 ).  Plaintiff has not satisfied these pleading requirements. Therefore, the claim must be dismissed.

14

3.   Damage to Value of College Degree

New York does not recognize the tort action of "damage to value of college degree."

Therefore, this claim must be dismissed.


**CONCLUSION**

Based on the foregoing reasons, it is respectfully requested that Defendants'

motion of to dismiss all claims against it be granted in its entirety.


Respectfully submitted,


    /s/ Hanan B. Koko
Hanan B. Kolko (HK 1307)
Meyer, Suozzi, English & Klein P.C.
1350 Broadway, Suite 501
New York, New York 10018
Tel: (212) 239 4999
HKolko@msek.com


    /s/ Gony Frieder Goldberg
Gony F. Goldberg (D.C. Bar #457706)
(Admitted *Pro Hac Vice*)
Office of General Counsel
American Federation of Government Employees
80 F Street, NW
Washington, D.C. 20001
Tel.: (202) 639-6426
Fax: (202) 639-6441
friedg@afge.org

{00292641.DOC - }

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing **Motion to Dismiss and Memorandum of Authorities in Support of Defendants' Motion to Dismiss,** were this 29th day of June, 2011, mailed **via overnight mail**, postage prepaid, to Plaintiff at Ann Burton, 196-15C 65th Crescent, #1-B, Fresh Meadow, NY 11365.

/s/ Lauri Smith
Lauri Smith, Legal Assistant

16