FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 25 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ANN BURTON,

                        Plaintiff,

      -against-

ERIC K. SHINSEKI, *et al.*

                        Defendants.

-------------------------------------------------------------x

ANN BURTON,

                        Plaintiff,

      -against-

AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES (AFGE) 1988, *et al.*,

                        Defendants.

-------------------------------------------------------------x

ANN BURTON,

                        Plaintiff,

      -against-

SILVERCREST CENTER FOR NURSING
AND REHABILITATION, *et al.*,

                        Defendants.

-------------------------------------------------------------x

ANN BURTON,

                        Plaintiff,

      -against-

WHITE GLOVE PLACEMENT INC., *et al.*,

                        Defendants.

-------------------------------------------------------------x

ANN BURTON,

                        Plaintiff,

      -against-

ERIC K. SHINSEKI, *et al.*,

                        Defendants.

-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-5318 (SLT) (LB)

11-CV-1416 (SLT) (LB)

11-CV-1417 (SLT) (LB)

11-CV-1649 (SLT) (LB)

11-CV-2030 (SLT) (LB)

```
-----------------------------------------------------------x
```
ANN BURTON,

                    Plaintiff,

        -against-                             11-CV-2757 (SLT) (LB)

SILVERCREST CENTER FOR NURSING
AND REHABILITATION, *et al.*,

                    Defendants.
```
-----------------------------------------------------------x
```
ANN BURTON,

                    Plaintiff,

        -against-

NEW YORK POLICE DEPARTMENT, *et al.*,          11-CV-4071 (SLT) (LB)

                    Defendants.
```
-----------------------------------------------------------x
```
ANN BURTON,

                    Plaintiff,

        -against-                             11-CV-4072 (SLT) (LB)

WHITE GLOVE PLACEMENT, INC., *et al.*,

                    Defendant.

```
-----------------------------------------------------------x
```
ANN BURTON,

                    Plaintiff,

        -against-                             11-CV-4074 (SLT) (LB)

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, *et al.*,

                    Defendants.
```
-----------------------------------------------------------x
```
ANN BURTON,

                    Plaintiff,

        -against-                             11-CV-4218 (SLT) (LB)

THE STATE EDUCATION DEPARTMENT
OFFICE OF PROFESSIONAL DISCIPLINE, *et al.*,

                    Defendants.
```
-----------------------------------------------------------x
```

----------------------------------------------------------------x
ANN BURTON,

                              Plaintiff,

        -against-

                                                    11-CV-5606 (SLT) (LB)

CIVIL COURT OF THE CITY OF NEW YORK, *et al.*,

                            Defendants.
----------------------------------------------------------------x

**TOWNES, United States District Judge:**

        This Court is in receipt of three letters from plaintiff Ann Burton. The first (hereafter, the "First Letter") is an undated, two-page letter filed December 28, 2011, addressed to "Judge Bloom/Townes," which purports to relate to all of the above-captioned actions except *Burton v. Civil Court*, No. 11-CV-5606.[1] The second, dated January 6, 2012 (the "Second Letter"), is a five-page letter headed, "Attn: Hon. Bloom/Townes/Amon," which purports to relate to "all" of plaintiff's cases but which specifically lists only seven of the above captioned cases – not *Burton v. White Glove Placement*, No. 11-CV-1649 (SLT)(LB); *Burton v. New York Police Department*, No. 11-CV-4071 (SLT)(LB); *Burton v. United States Equal Employment Opportunity Comm'n*, No. 11-CV-4074 (SLT)(LB); or *Burton v. State Education Dep't*, No. 11-CV-4218 (SLT)(LB). The third, dated January 9, 2012 (the "Third Letter"), is a two-page letter headed, "Attn: Hon. Bloom/Townes/Amon," which addresses issues relating to only two of the above-captioned cases: *Burton v. Shinseki*, No. 10-CV-5318 (SLT)(LB), and *Burton v. Silvercrest Center for*

---

[1]Five of these 11 actions – *Burton v. White Glove Placement, Inc.*, No. 11-CV-1649 (SLT)(LB); *Burton v. Shinseki*, No. 11-CV-2030 (SLT)(LB); *Burton v. New York Police Department*, No. 11-CV-4071 (SLT)(LB); *Burton v. United States Equal Employment Opportunity Comm'n*, No. 11-CV-4074 (SLT)(LB); and *Burton v. State Education Dep't*, No. 11-CV-4218 (SLT)(LB) – had already been dismissed by the time plaintiff filed the first of these letters. However, since one or more of plaintiff's letters has been docketed in each of the closed cases, this Court directs that this Memorandum and Order be filed in those cases.

*Nursing & Rehabilitation*, No. 11-CV-2757 (SLT)(LB).  This Memorandum and Order is in response to these letters.

### *The First Letter*

The First Letter alleges, among other things, that unspecified "fraudulent counterfeit documents" have been filed in "the cases of Ann Burton," that documents plaintiff has submitted to the Court have been "tampered, counterfeit, omitted and/or discarded," and that plaintiff has not received any correspondence from the Court since an order relating "to the October 31, 2011, fraudulent depo." First Letter at 1.  In addition, the First Letter contains cryptic references to, among other things, portions of this Court's prior orders; "numerous objections, answers and confidential agree [*sic*] which evoked no response by the Court or [defendants];" and unspecified defects in the service of process in *Burton v. Shinseki*, No. 11-CV-5318 (SLT)(LB).  First Letter at 2.

These allegations are not specific enough to permit this Court to take any action.  Plaintiff does not specify which of the many documents filed in plaintiff's many cases are fraudulent or counterfeit, and this Court has no way of knowing what documents, allegedly submitted to the Court by plaintiff, have not been docketed.  Furthermore, with the two exceptions discussed in the next paragraph, this Court cannot decipher the cryptic references or determine what, if any, action plaintiff is asking the Court to take.  For example, plaintiff does not identify the "objections, answers and confidential agree [*sic*]" to which she refers, or what action she wants the Court to take with respect to the service of process in *Burton v. Shinseki*, No. 11-CV-5318.

Although this Court cannot decipher most of the cryptic references, this Court suspects that paragraph 4 on page 2 is an attempt to reiterate plaintiff's objection to a portion of this

4

Court's November 4, 2011, Memorandum and Order in *Burton v. Silvercrest Center*, No. 11-CV-2030. However, this Court has already addressed that objection, *see Burton v. Silvercrest Center*, No. 11-CV-2030, slip op. at 2 (E.D.N.Y. Nov. 18, 2011), and plaintiff has appealed that decision to the Second Circuit Court of Appeals. In addition, this Court suspects that paragraph 6 on page 2 is an attempt to object to a deposition transcript submitted in connection with the defendants' motion to dismiss *Burton v. Silvercrest Center*, No. 11-CV-1417. If so, plaintiff should have included that objection in her response to defendants' motion.

Finally, this Court is perplexed by plaintiff's allegations that she has received no correspondence from this Court over the last two months. Not only has chambers been careful to mail copies of all of its orders to plaintiff at the addresses she has provided, but the Clerk's Office has mailed additional copies to plaintiff, as indicated by the "c/m" or "C/Mailed" notations on the docket sheet. None of these mailings has been returned.[2]

### *The Second Letter*

The Second Letter also alleges that plaintiff has not received "any correspondence from the Court since the 10/31/11 Deposition" and repeats some of the other allegations in the First Letter. *See* Second Letter at 1-3 (¶¶ 4 (1), (16), and (18)). However, it includes a longer list of cryptic references. *See id.* (¶¶ 4 (1) through (29)). Again, this Court cannot take any action because this Court cannot decipher these references or determine what, if any, action plaintiff is asking the Court to take.

---

[2]This Court notes, however, that during most of the month of December 2011, this Court mailed its orders – per plaintiff's directions – to "c/o U.S.P.S., 88-40 164th Street, Jamaica, New York 11432." This Court is uncertain whether the mail would have been held for plaintiff absent any reference to "General Delivery."

To the extent that plaintiff is objecting to Magistrate Judge Bloom's order dated December 21, 2011 (*see id.*, ¶ 4 (28)), this Court notes that this order only cautioned plaintiff that mistreatment of Court employees will not be tolerated.[3]  While that order warned plaintiff that her contact with the Court might be limited unless she treated court employees with courtesy and respect, no such limits have been imposed.  Unless and until Judge Bloom takes action, there is no need to act on this objection.

With respect to ¶ 4 (25) – in which plaintiff states that she "cannot respond to Orders, Memos or any correspondence which is . . . docketed untimely or not received" – this Court advises plaintiff that she is responsible for keeping up-to-date with all of her cases.  Plaintiff may review the docket sheets for these cases in the Clerk's Office.  Plaintiff is further advised that Section III.A of this Court's Individual Motion Practices & Rules (available at http://www.nyed. uscourts.gov/pub/rules/SLT-MLR.pdf), requires that represented parties not file their motion papers until the motions are fully briefed.  If plaintiff has not timely received copies of motion papers that were allegedly served upon her, she may request that the papers be re-served and/or that her time to respond to a specific motion be extended.

***The Third Letter***

The Third Letter relates to only two cases: *Burton v. Silvercrest Center for Nursing & Rehabilitation*, No. 11-CV-2757, and *Burton v. Shinseki*, No. 10-CV-5318.  With respect to the former, plaintiff objects to that portion of this Court's November 10, 2011, Memorandum and

---

[3]In this connection, this Court acknowledges receipt of a letter dated January 9, 2012, in which plaintiff complains about her treatment by staff in the Clerk's Office.  This Court expects all court employees to treat litigants with courtesy and respect, but does not supervise the Clerk's Office.  Plaintiff may wish to send a copy of her letter to the Clerk of Court.

6

Order which dismissed plaintiff's claims against defendant Marie Mitchell and Darlene Weitzman, and states that plaintiff's "response" to the Memorandum and Order was not docketed. Third Letter at ¶¶3-4. With respect to the latter case, plaintiff alleges that her "request to change E.S. to DVA," and "the Court's Order regarding this matter" were not docketed,[4] and that a two-page document submitted by Carmen Cox to William Kosel and the EEOC is "missing from the exhibits." Third Letter at ¶1, 5.

To the extent that plaintiff is asserting that there are documents which were submitted to, or issued by, this Court which were not docketed, plaintiff should submit copies of these documents to the Clerk's Office and request that they be filed. To the extent that plaintiff is objecting to defendants' failure to respond to plaintiff's discovery requests, plaintiff should address these discovery disputes to Magistrate Judge Bloom in accordance with her Individual Practices (available at http://www.nyed.uscourts. gov/pub/rules/LB-MLR.pdf).

With respect to plaintiff's objection to the dismissal of defendants Mitchell and Weitzman in *Burton v. Silvercrest Center for Nursing & Rehabilitation*, No. 11-CV-2757 (SLT)(LB), this Court notes that the dismissal had nothing to do with whether or not these individuals were federal employees. In this Court's Memorandum and Order dated November 10, 2011, this Court found that the only basis for federal jurisdiction alleged in the complaint in that action was Title VII. *See Burton v. Silvercrest Center*, No. 11-CV-2757, slip op. at 6 (E.D.N.Y. Nov. 10, 2011). However, this Court noted that Title VII retaliation claims could not be brought against individuals. *See id.*

---

[4]This Court notes that in a letter dated June 13, 2011, plaintiff requested that her claims be "captioned with the DVA, Shinseki and/or whomever is the appropriate government entity." Letter to Hon. Lois Bloom from Ann Burton, dated June 13, 2011 (Document # 30 in *Burton v. Shinseki*, No. 10-CV-5318), at 2. Since this case was already appropriately captioned, Judge Bloom did not take any action on this request.

### *CONCLUSION*

For the reasons stated above, this Court cannot take action with respect to any of the issues raised in the letter plaintiff filed on December 28, 2011, or in plaintiff's letters dated January 6 and 9, 2012.  To the extent that plaintiff is asserting that there are documents which were submitted to, or issued by, this Court which were not docketed, plaintiff should submit copies of these documents to the Clerk's Office and request that they be filed.  To the extent that plaintiff is objecting to defendants' failure to respond to plaintiff's discovery requests, plaintiff should address these discovery disputes to Magistrate Judge Bloom in accordance with her Individual Practices.

Plaintiff is reminded that she is responsible for keeping up-to-date with all of her cases. If plaintiff has not timely received copies of motion papers that were allegedly served upon her, she may request that the papers be re-served and/or that her time to respond to specific motions be extended.

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: January 23 , 2012
Brooklyn, New York

8